# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-CV-00465-MOC-DCK

| | |
|---|---|
| INVUE SECURITY PRODUCTS INC.,<br>    Plaintiff and Counterdefendant,<br>vs.<br><br>KUM OH ELECTRONICS CO., LTD.,<br>    Defendant and Counterclaimant. | BRIEF IN SUPPORT OF<br>KUM OH ELECTRONICS CO., LTD.'S<br>MOTION TO STAY<br>PENDING *INTER PARTES* REVIEW<br>OF THE PATENT-IN-SUIT |

Defendant and Counterclaimant Kum Oh Electronics Co., Ltd.'s ("Kum Oh") Motion to Stay Pending *Inter Partes* Review of the Patent-in-Suit should be granted because:

    a. This case is at the earliest stage of the litigation and no discovery has been conducted;

    b. The stay will not unduly prejudice or tactically disadvantage the nonmoving party; and,

    c. The stay will simplify the issues in questions and streamline the trial, thereby reducing the burden of litigation on the parties and on the court.

Accordingly, a stay should be granted in accordance with the standard set forth in *Borgwarner, Inc. v. Honeywell Int'l., Inc.*, No. 1:07cv184, 2008 WL 2704818, *1 (W.D.N.C. July 7, 2008) (quoting *Cornerstone Biopharma, Inc. v. Vision Pharma, LLC*, No. 5:07-CV-00389-F, 2008 U.S. Dist. LEXIS 76374, *4 (E.D.N.C. Feb. 15, 2008)).

**I. THIS LITIGATION IS AT ITS EARLIEST STAGES AND KUM OH HAS SOUGHT IMMEDIATE *INTER PARTES* REVIEW TO DETERMINE THE VALIDITY OF THE PATENT-IN-SUIT**

This is a patent infringement action initiated by Plaintiff and Counterdefendant InVue Security Products Inc. ("InVue") against Kum Oh on August 14, 2013. InVue alleges that Kum Oh infringes U.S. Patent No. 7,737,843 entitled "Programmable Alarm Module and System for Protecting Merchandise" ("the '843 patent) through the manufacture, importation and sale of

certain merchandize display and security systems. Through counsel, Kum Oh agreed to accept service of the complaint and executed a Waiver of Service of Summons on November 19, 2013. On February 10, 2014, Kum Oh filed its Answer, Affirmative Defenses and Counterclaims in which it denied any liability to InVue and asserted the '843 patent was both not infringed and invalid. Although InVue alleged in its Complaint that it "has been and continues to be irreparably injured by [Kum Oh's] past and continuing infringement of the '843 Patent, and [Kum Oh's] infringing activities will continue unless enjoined by this Court," InVue has never sought nor obtained preliminary injunctive relief against Kum Oh. InVue's response to Kum Oh's counterclaims is due on March 3, 2014.

Because the patented technology at issue in this case – electronic security systems and devices attached to merchandise to discourage shoplifting – has long been known and used, there is an abundance of prior art on the subject. This prior art raises serious questions regarding the validity of the '843 patent. Kum Oh's early investigation has uncovered numerous prior art references that would invalidate all of the asserted claims of the '843 patent under either U.S.C. §§ 102 (anticipation) and/or 103 (obviousness). None of these references were cited during prosecution of the '843 patent.

Accordingly at the earliest possible juncture, Kum Oh filed a Petition for *Inter Partes* Review of U.S. Patent No. 7,737,843 on February 25, 2014 (see **Exh. A**[1]). The relatively new *Inter Partes* Review ("IPR") procedure before the United States Patent & Trademark Office is designed to quickly and efficiently determine the validity of a patent and potentially avoid time-consuming and costly patent litigation altogether. By statute, the Patent Trial and Appeal Board

---

[1] Kum Oh will file a Motion to Seal the Petition for *Inter Partes* Review of U.S. Patent No. 7,737,843, and shall submit the Exhibit A under seal if allowed by the Court.

("PTAB") must determine within 6 months (i.e., by August 25, 2014) whether there is a "reasonable likelihood that the petitioner would prevail with respect to at least one of the claims challenged." 35 U.S.C. § 316(a)(11). If the PTAB determines that there is a reasonable likelihood, the PTAB must initiate the IPR and a final determination must be made within 12 months (up to 18 months for good cause). 35 U.S.C. §316(a)(11).

Under the rules governing the PTAB's review of the patent, the validity of the '843 patent will be assessed by technically-trained decision makers in a speedy, lower cost forum in which both Kum Oh and InVue will have a chance to make their arguments and present their evidence. If a determination is made that the asserted claims of the '843 patent are not valid, this case will come to an end. If a determination is made that the prior art cited by Kum Oh does not invalidate all of the claims, the case will proceed accordingly and Kum Oh will be estopped in this action from relying on that art or any other prior art that it "reasonably could have raised" in the IPR. 35 U.S.C. §§ 315(e)(2). In that case, the issues before this Court will be substantially reduced in scope, resulting in a faster and more efficient resolution of this case. For these and the additional reasons set forth below, Kum Oh respectfully requests that this Court exercise its inherent powers to stay the action pending the outcome of the IPR.

## II. BACKGROUND OF THE PATENT-IN SUIT AND *INTER PARTES* REVIEW

### A. The '843 Patent

The application which resulted in the '843 patent was filed on December 14, 2006, claiming priority to a provisional application filed on December 23, 2005.[2] The patent issued on June 15, 2010 and was assigned to InVue. The '843 patents relates generally to security systems used to prevent merchandise from being stolen from a store, and in particular to an alarm module

---

[2] The '843 patent is attached as Exhibit A to the Complaint on file herein.

and system that utilizes an electronic key containing a store security code and a memory circuit for storing the code. '843 patent, col. 2:3-12. The alarm module is attached to the article of merchandise with attachment cables containing sense loops that sound an alarm if the integrity of the loop is compromised by a thief. *Id.* at col. 2:37-42. The patent contains 20 claims, two of which are independent (claims 1 and 15).

During prosecution of the '843 patent, many of the original claims were rejected as anticipated under 35 U.S.C. § 102(b) and as obvious under 35 U.S.C. § 103(a). In overcoming the prior art rejections from the examiner, the patent owner conceded that the cited prior art "arguably discloses the use of individual components of the claimed alarm module, such as a housing, a logic control circuit including a central controller ('microcontroller'), a wireless interface, a memory circuit, a physical attachment device and an audio alarm," but argued that it did not disclose, *inter alia*, the limitations of claims 1 and 15 directed to communicating with a key containing a security code, or storing the security code.

In a second non-final office action, claims 1-14 were rejected under 35 U.S.C. § 112 as indefinite, and claim 15 was rejected on the ground of non-statutory obviousness-type double patenting. In response, the patent owner amended the claims and submitted a terminal disclaimer to overcome the rejection based on obviousness-type double patenting. The examiner issue a notice of allowance on April 5, 2010 and the patent was issued on June 15, 2010 with 20 claims, two of which are independent (claims 1 and 15).

B.      *Inter Partes* Review of the '843 Patent

In response to the filing of InVue's complaint for patent infringement, Kum Oh filed its Petition for *Inter Partes* Review of U.S. Patent No. 7,737,843 ("Petition") on February 25, 2014. Exh. A. In the Petition, Kum Oh asserts that claims 1-3, 5-11 and 15-19 of the '843 patent are invalid under 35 U.S.C. §§ 102 (anticipation) and 103 (obviousness) based on numerous prior art references not cited during prosecution of the patent.[3] The PTAB's initial determination regarding the IPR is due on or before April 25, 2014. *See* discussion re procedures governing IPR, *infra*.

## III.    LEGAL STANDARDS

A.      **The Court's Inherent Power to Stay Proceedings**

District courts have the inherent power to stay proceedings in the interests of judicial efficiency and economy, and to reduce the overall burden of litigation on the parties. *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *Am. Home Assurance Co. v. Vecco Concrete Constr. Co., Inc. of Va.*, 629 F.2d 961, 964 (4th Cir. 1980). This power extends to staying a patent infringement action pending conclusion of an *inter partes* review[4] of the patent-in-suit before the United States Patent and Trademark Office ("PTO"). *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination."); *Procter & Gamble Co. v. Kraft Foods Global, Inc.,* 549 F.3d 842, 849 (Fed.

---

[3] Although the Complaint does not identify which claims of the '843 patent are infringed by Kum Oh, and certainly Kum Oh contends that it does not infringe any claims of the '843 patent, Kum Oh's IPR includes only those claims that it believes may plausibly be asserted against Kum Oh in the present action (claims 1-3, 5-11 and 15-19) (the "asserted claims").

[4] On September 16, 2012, the Leahy-Smith America Invents Act eliminated *inter partes* reexamintation and replaced it with *inter partes* review. 35 U.S.C. § 311; *see* discussion *infra.*

Cir. 2008). This Court has repeatedly recognized and adopted the "liberal policy in favor of granting motions to stay proceedings pending the outcome of []PTO reexamination or reissuance proceedings." *Borgwarner, Inc. v. Honeywell Int'l., Inc.*, No. 1:07cv184, 2008 WL 2704818, *1 (W.D.N.C. July 7, 2008) (quoting *Cornerstone Biopharma, Inc. v. Vision Pharma, LLC*, No. 5:07-CV-00389-F, 2008 U.S. Dist. LEXIS 76374, *4 (E.D.N.C. Feb. 15, 2008)).

The liberal policy of staying patent infringement actions pending *inter partes* reexamination or review of the patent-in-suit reflects Congress's intent when enacting the reexamination procedure to "permit efficient resolution of questions about the validity of issued patents without recourse to expensive and lengthy infringement litigation…" H.R. Rep. No. 1307, 96th Cong., 2d Sess. 4, reprinted in 1980 U.S.C.C.A.N. 6460, 6463. The Federal Circuit has recognized that "[e]arly versions of what became the reexamination statute expressly provided for a stay of proceedings during reexamination . . . [but a]n express provision was deemed unnecessary" based on the idea that "such power already resides with the Court." *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983) (emphasis in original) (internal citations omitted).

Courts consider the three basic factors in determining whether to grant a stay pending reexamination (IPR):

> (1) whether a stay will simplify the issues in question and streamline the trial, thereby reducing the burden of litigation on the parties and on the court;
> (2) the stage of the litigation, including whether discovery is or will be almost completed and whether the matter has been scheduled for trial; and
> (3) whether a stay will unduly prejudice or tactically disadvantage the nonmoving party.

*Borgwarner*, 2008 WL 2704818 at *1 (citing *Cornerstone*, 2008 U.S. Dist. LEXIS 76374 at *3); *see also*, *Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*, 2012 U.S. Dist.

LEXIS186322, at *3-4 (C.D. Cal., Dec. 19, 2012) (holding there was no reason that the three-factor test used for *inter partes* reexaminations cannot be used for IPRs). As set forth below, all three factors favor a stay of this case pending IPR of the '843 patent.

### B. IPR is a Quick and Efficient Process for Determining the Validity of a Patent

*Inter partes* review (IPR) was enacted as part of the America Invents Act and went into effect on March 16, 2013. IPR was intended to offer parties (both patent owners and accused infringers) significant advantages over litigation, including: lower burden to prove invalidity (presumption of validity and clear and convincing standard does not apply); broader claim construction standard; technically-trained decision makers; speedy resolution; and lower costs. 35 U.S.C. §§ 311 et seq. IPR and the former *inter partes* reexamination are substantially the same in many respects – e.g., both are based on U.S.C. §§ 102 and 103 prior art patents or printed publications; the standard to initiate is a "reasonable likelihood that the petitioner would prevail with respect to at least one of the claims challenged;" the standard to prove invalidity is a preponderance of the evidence; and the challenger is estopped from relying on prior art that it "raised or reasonably could have raised." *Id.* However, IPR is intended to be quicker more efficient and less expensive. The initial determination from the Patent Trial and Appeal Board (PTAB) is required within six months from the date of filing. A final decision is required within twelve months thereafter (up to 18 for good cause). *Id.* at § 316(a)(11). The appeal process is designed to be faster as well – just one stop at the PTO before appeal directly to the Federal Circuit. *Id.* at § 319.[5]

---

[5] As of September 30, 2012, *inter partes* reexaminations had an average pendency of 39.5 months, or more than twice as long as IPR. See USPTO *Inter Partes* Reexamintion Historical Statistics, http://www.uspto.gov/patents/stats/inter_parte_historical_stats_roll_up_EOY2013.pdf

Case 3:13-cv-00245-MOC-DCK Document 42 Filed 03/20/13 Page 8 of 15

If an IPR is initiated by an accused infringer, the patent owner has the right to file a preliminary response that sets forth reasons why no review of the patent should be instituted and to fully participate in the review process should a determination be made by the PTAB to proceed. *Id.* at §§ 313, 316. IPR also created new litigation-like procedures before the PTO, including: real-time interaction with the PTAB during the proceedings; claim construction; limited discovery including fact and expert depositions; evidentiary objections; and oral hearing. *See Id.* at § 316. Any proposed amended or new claim determined to be patentable and incorporated into a patent following an IPR is subject to intervening rights of the accused infringer. 35 U.S.C. § 318.

## IV. LEGAL ARGUMENT

### A. A Stay Will Simplify the Issues Before the Court and Reduce the Burden of Litigation on the Court and the Parties

IPR is a process designed to more efficiently and effectively determine the validity of a patent-in-suit at the outset of a patent infringement action and potentially avoid litigation altogether. IPR is particularly appropriate here where the alleged invention of the '843 patent is, at best, a routine combination of features already well known in the art of security alarm systems. For example, as set forth in pages 10 through 13 of Kum Oh's Petition to be filed under seal, the reference at those pages (the "reference")[6], describes a security system for securing personal valuables, garments and other merchandise against theft. Petition, Exh. A, pp. 10-13. Much like the '843 patent, the problem to be solved by the cited reference is that alarms are generally deactivated by a key that, "if lost, can cause considerable problems as a result of the delays which would be incurred in obtaining a replacement key." *Id*. at page 10. To solve this problem,

---

[6] Because the Petition is filed under seal, reference is made to the page numbers of the Petition.

-8-
Case 3:13-cv-00245-MOC-DCK Document 26 Filed 03/20/13 Page 9 of 15

reference provides, *inter alia*, a "key means having electronic key store means, said key store means having stored therein a key security code comprising a plurality of digits; and a control unit having a control circuit and socket means for receiving said key means." *Id*. As set forth in the Petition, this reference discloses each and every limitation of at least claims 1, 6-9 and 11 of the '843 patent. For example, the reference discloses a security alarm system including a main alarm unit and a housing, which is attached to an item of merchandise, e.g., a garment via a garment grip. The reference also discloses a logic control circuit including a central controller, a communications interface for communicating with a key containing a security code, and a memory circuit for storing the security code. *Id*. at pp. 10-11.

The numerous other references cited in the Petition also demonstrate the invalidity of the asserted claims of the '843 patent as either anticipated and/or rendered obvious by the prior art. It is submitted that this threshold issue – the very validity and enforceability – of the patent-in-suit should be determined as a preliminary matter before embarking on costly, time-consuming litigation in district court. Under the IPR rules, the determination regarding the validity of the asserted claims will be made by technically and legally-trained decision makers in a fair, efficient and relatively quick process before the PTAB. If the asserted claims are determined to be invalid, this case will come to an end. If the claims are held valid, Kum Oh will be estopped from relying on the prior art it raised or reasonably could have raised during the IPR proceedings. 35 U.S.C. § 315. If the claims are amended by InVue during the IPR, the intervening rights doctrine will limit the relief InVue may obtain. *Id*. at § 318; *see EI Du Pont De Nemours & Co. v. MacDermid Printing Solutions LLC*, No. 10-3409 (MLC), 2012 WL 2995182, *6 (D.N.J. July 23, 2012)(claims rejected during reexamination need not be litigated at

all, and any claims that survive reexamination may require amendment, narrowing the scope of coverage).[7]

InVue will have a full and fair opportunity to defend the patent's validity as part of the IPR process, including filing a preliminary response to the Petition setting forth reasons why no IPR should be instituted; real-time interaction with the PTAB during the proceedings; promulgation of proper claim construction of the claims at issue; limited discovery including fact and expert depositions; evidentiary objections; and an oral hearing. *See Id.* at §§ 313, 316. InVue may also move to amend or substitute claims as part of the process. *Id*. at § 316(a)(9).

This case warrants application of the liberal policy in favor of granting motions to stay pending the outcome of *inter partes* reexamination or IPR proceedings. *Borgwarner*, 2008 WL 2704818 at \*1 (citing *Cornerstone*, 2008 U.S. Dist. LEXIS 76374 at \*3). In the interests of judicial efficiency and economy, and to reduce the overall burden on the parties, Kum maintains that the IPR should be allowed to play out before embarking on full-bore district court litigation. *Landis,* 299 U.S. at 254; *Am. Home Assurance*, 629 F.2d at 964; *Spa Syspatronic, AG v. Verifone, Inc.*, No. 2:07-CV-416, 2008 WL 1886020, \*3 (E.D. Tex. Apr. 25, 2008) ("[A]llowing the PTO to reexamine the patent first should simplify and streamline the issues in the litigation.").

---

[7] PTO statistics for *inter partes* reexaminations confirm the strong likelihood that the pending IPR will significantly simplify the issues in this case. Of the 377 *inter partes* reexamination proceedings that took place between November 29, 1999 and June 30, 2012, 89% of patents emerged with some or all claims cancelled or changed. Reexamination Filing Data - June 30, 2012, available at www.uspto.gov. And nearly half (42%) emerged with all claims canceled or disclaimed. *Id.*

### B. The Case Is in its Early Stages and No Discovery Has Been Taken and No Trial Date Has Been Set

This case is in its very early stages. The complaint was filed by InVue on August 14, 2013. It is unclear what attempts, if any, were made to serve Kum Oh in Korea, but Kum Oh's counsel found out about the filing of the complaint in or about November, 2013 and reached out to InVue's counsel to determine the status of service. Kum Oh thereafter agreed to accept service of the complaint through its counsel and signed the Waiver of Service of Summons on November 19, 2013. Nothing transpired in the case until Kum Oh filed its Answer, Affirmative Defenses and Counterclaims on February 10, 2014. InVue's response to Kum Oh's counterclaims is due on March 3, 2014 and InVue has not moved for injunctive relief as alleged in the complaint. No case management conference has been set in this action, no discovery has taken place, no motions have been filed (with the exception of the present motion), and no trial date has been scheduled.

Kum Oh filed its IPR Petition on February 25, 2014 and served a copy on InVue and its counsel that same day. Kum Oh, through counsel, reached out to InVue's counsel both before and after the filing of the Petition to determine whether InVue would be amenable to a stay of the action at this early stage, but as of the filing of this motion Kum Oh's counsel has not received a response to its overture.

Because Kum Oh's stay motion was filed at the earliest possible juncture in the proceedings, and because no court dates have been set and no discovery has taken place, this prong of the three-factor test for determining the propriety of a stay has clearly been met.

### C. A Stay Will Not Unduly Prejudice or Tactically Disadvantage Plaintiff

Finally, InVue will not be unduly prejudiced or tactically disadvantaged by a stay. It behooves the parties and the Court alike to have a determination made, early on, regarding the

validity and enforceability of the patent-in-suit before embarking on time-consuming and costly litigation. The IPR process was designed for a case such as this where the patented technology is well known, there is a plethora of prior art that may invalidate all or substantially all of the claims at issue, and the threshold determination regarding the patent's validity can be made early on by technically trained decision makers at the PTAB in a streamlined, speedy, and relatively inexpensive process.

InVue should not be heard to complain that its interests would be unduly prejudiced by a short delay in these proceedings, especially where it did not promptly effectuate service on Kum Oh, it has not moved for injunctive relief, and the case is at its very early stages. *See, e.g., EI Du Pont*, 2012 WL 2995182, at *4 (plaintiff's failure to seek a preliminary injunction factor in granting motion to stay pending patent reexamination); *SMT Solutions, Inc. v. ExpoEvent Supply LLC*, No. 11-6225 (ES)(CLW), 2012 WL 3526830, *3 (D.N.J. Aug. 15, 2012) (finding no undue prejudice because, *inter alia*, plaintiff "decided not to seek a preliminary injunction"). If anything, it may be argued that InVue would greatly benefit from a short stay of the action pending the outcome of the IPR. If the validity of the patent is upheld by the PTAB, it would clearly strengthen InVue's hand in these proceedings and may promote settlement of the case. If the PTAB determines that some or all of the asserted claims are invalid, InVue will have a chance to cancel or amend the claims, thus streamlining the issues in this case. In any event, InVue will have a full and fair opportunity to present its arguments and evidence during the IPR proceedings. The third factor in the three-prong test is also met in this case.

## V. CONCLUSION

For the foregoing reasons, it is respectfully requested that Kum Oh's motion be granted and that the action be stayed pending the outcome of the IPR.

Respectfully submitted, this 3rd day of March, 2014.

/s/ *Michael G. Adams*
Michael G. Adams
N.C. Bar No. 16528
Parker Poe Adams & Bernstein LLP
401 South Tryon Street
3000 Three Wells Fargo Center
Charlotte, North Carolina 28202
Telephone: (704) 372-9000
Facsimile: (704) 334-4706
mikeadams@parkerpoe.com

Theodore T. Herhold (*Pro Hac Vice*)
Steve Y. Cho (*Pro Hac Vice*)
Yong Seong Kim (*Pro Hac Vice*)
AMPACC Law Group, PLLC
Pacific Northwest Office
6100 219th Street SW, Suite 580
Mountlake Terrace, WA 98043
Tel: 425-348-3500
Facsimile: 425-348-3299
tedherhold@gmail.com
syc@ampacc.com
ysk@ampacc.com

*Attorneys for Defendant and Counterclaimant*
*Kum Oh Electronics Co., Ltd.*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing *BRIEF IN SUPPORT OF KUM OH ELECTRONICS CO., LTD.'S MOTION TO STAY PENDING INTER PARTES REVIEW OF THE PATENT-IN-* with the Clerk of Court using the CM/ECF system, which will transmit notification of such filing, constituting service thereof, to the following:

This 3rd day of March, 2014.

/s/ *Michael G. Adams*
Michael G. Adams
N.C. Bar No. 16528
Parker Poe Adams & Bernstein LLP
401 South Tryon Street
3000 Three Wells Fargo Center
Charlotte, North Carolina 28202
Telephone: (704) 372-9000
Facsimile: (704) 334-4706
mikeadams@parkerpoe.com

Theodore T. Herhold (*Pro Hac Vice*)
Steve Y. Cho (*Pro Hac Vice*)
Yong Seong Kim (*Pro Hac Vice*)
AMPACC Law Group, PLLC
Pacific Northwest Office
6100 219th Street SW, Suite 580
Mountlake Terrace, WA 98043
Tel: 425-348-3500
Facsimile: 425-348-3299
tedherhold@gmail.com
syc@ampacc.com
ysk@ampacc.com

*Attorneys for Defendant and Counterclaimant*
*Kum Oh Electronics Co., Ltd.*